**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s):   Clifton Curtis Clements                              Case No:   08-51006
                     Christine Marie Clements

This plan, dated November 12, 2009 is:

    ___ the first Chapter 13 plan filed in this case.
    _x__ a modified plan, which replaces the plan dated August 3, 2009.

    Date and Time of <u>Modified Plan</u> confirmation hearing:   December 17, 2009 @ 2:00 p.m.
    Place of <u>Modified Plan</u> Confirmation Hearing:   116 North Main Street, Harrisonburg, VA.

The plan provisions modified by this filing are:   Paragraphs 4, 11.

Creditors affected by this modification are:         Troy & Pam Rutherford

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (I) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraph 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears that the confirmation hearing.**

The debtor (s)' schedules list assets and liabilities as follows:
    Total Assets:                              $334,273.34
    Total Nonpriority Unsecured Debt:          $9,878.42  (based upon timely filed claims)
    Total Priority Debt:                       $279.44
    Total Secured Debt:                        $271,966.17

**1. Funding of Plan.** The debtor(s) propose to pay the trustee the sum of $787.20 per month for a period of 10 months commencing October 29, 2008. The debtors thereafter propose to pay the trustee the sum of $790.00 per month for a period of 42 months commencing August 29, 2009. Other payments to the trustee are as follows: None
The total amount to be paid into the plan is $41,052.

**2.     Priority Creditors.** The trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    **A.     Administrative Claims under 11 U.S.C. §1326.**

        1.     The trustee will be paid 10% of all sums disbursed except for funds return to the debtor(s).
        2.     Debtor(s)' attorney will be paid $2,287.00 balance due of the total fee of $2,700.00 concurrently with or prior to the payments to remaining creditors.

    **B.     Claims under 11 U.S.C. §507.**

The following priority creditors will be paid by deferred cash payments pro rata with priority creditors or in monthly installments is below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| none | | | |

**3.     Secured Creditors and Motions to Value Collateral.**

This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtor(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

    **A.     Claims to which §506 valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See §1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Estimated claim Amt | (e) Interest Rate | (f) Monthly Payment and Estimate term** |
|---|---|---|---|---|---|
| none | | | | | |

B. **Claims to which §506 valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date (estimate) | (d) Replacement value | (e) Interest Rate | (f) Monthly Payment and Estimate term** |
|---|---|---|---|---|---|
| Ford Motor Credit | 2003 Ford Windstar | 1/27/04 | $7,645.00 | 6.00% | $252.40<br>October, 2009 - April, 2012<br>31 payments |

**\*\*THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(c) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

C. **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have teh effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (y/n) |
|---|---|---|---|
| Ford Motor Credit | 2005 Ford F250 | $37,916.04 | No |

4. **Unsecured Claims.**

A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately 16.31%. If this case were liquidated under chapter 7, the debtor(s)' estimate unsecured creditors would receive a dividend of approximately 0.00%.

B. **Separately classified unsecured claims.**

| Creditor | Basis Classification | Treatment |
|---|---|---|
| none | | |

**5.** **Long Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secure by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

**A.** **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Countrywide Home Loans | Residence 1st deed of tust | $1,849.96 | $1,352.20 | 0.00% | December, 2012 | pro rata |
| Pam and Troy Rutherford (see paragraph 11) | Residence 2nd deed of trust | NA | NA | NA | NA | NA |

**B.** **Trustee to pay the contract payment and the arrearages.** The creditors listed below will be paid by the trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Payment |
|---|---|---|---|---|---|---|
| none | | | | | | |

**6.** **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

**A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| none | |

**B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide all terms of the agreement. The trustee will pay the pre-petition arrearages, if any, to payments made pro rata with other priority claims on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for arrears | Estimated cure period |
|---|---|---|---|---|
| Verizon | Cell telephone contract | $0.00 | NA | NA |

**7.    Motions to Avoid Liens.**

    A.    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. §522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the court, the court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption amount | Value of Collateral |
|---|---|---|---|---|
| none | | | | |

    B.    **Avoidance of security interest or liens on grounds other than 11 U.S.C. §522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| none | | | |

**8.    Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) received a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim as unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9.    Vesting of Property of the Estate.** Property of the estate shall reinvest in the debtor upon confirmation of the plan. Notwithstanding such vesting, the debtor may not sell, re-finance, or encumber real property without approval of the court.

**10.    Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

**11.    Other provisions of this plan:**

**A.    Attorneys fees.**

Attorney fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 2B, 4, 5, and 6. Notwithstanding the foregoing, the Attorneys fees noted in paragraph 2A shall not be paid by the trustee prior to Domestic Support Obligations as defined by Bankruptcy Code §507(a)(1)(A) and disclosed in paragraph 2B of this Plan but will be paid pro rata with said Domestic Support Obligations. Furthermore, adequate protection payments set forth in paragraph 11B shall be paid concurrently with Attorney Fees.

**B.     Adequate Protection.**

Unless otherwise ordered, the Adequate Protection payments for creditors listed under Paragraphs 3A or 3B or 5B of this Plan and required by 11 U.S.C. Section 1326(a)(1) shall be paid, subject to Court approval, by the Trustee to the allowed secured claimant(s). The amount to be paid to each said allowed claimant under Paragraphs 3A or 3B or 5B as Adequate Protection for each month from the date of the filing of the Bankruptcy until the date that the regular periodic payments shall begin (see Paragraph 3A or 3B or 5B ) is set forth below. Adequate Protection payments will only be made to creditors that have filed allowed secured claims. The monthly payment(s) identified in paragraphs 3A, 3B, or 5B shall be made by the trustee in addition to the amount set forth in this paragraph. Note that the distribution of these Adequate Protection payments will commence pursuant to Standing Order 9 entered by the Court on December 5, 2006 and available for review at www.vawb.uscourts.gov.

| (a) Creditor | (b) Collateral | (f) Monthly Adequate Protection Payment |
|---|---|---|
| Ford Motor Credit | 2005 Ford F250 | $313.84 (November, 2008 - July, 2009 Only) |
| Ford Motor Credit | 2003 Ford Windstar | $78.16 |

**C.     Local Government Tax claims:**

The following secured local government tax claims shall be paid, with interest, by the Trustee pro rata with Unsecured Priority Debts listed in paragraph 2B or on a fixed monthly basis as indicated below.

| Creditor | claim | Monthly Payment for arrears | Interest Rate |
|---|---|---|---|
| none | | | |

**D.     Long Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are secured by the debtor(s)' principal residence and hold a debt the term of which DOES NOT extend beyond the term of this plan.

**A.     Debtor(s) to pay claim directly.** The creditor listed below will be paid by the Trustee on a fixed monthly basis as indicated below. Upon completion of payment by the Trustee pursuant to the provisions of this paragraph, the creditor shall file appropriate documents to release the Deed of Trust of record in the Clerk's Office of the Circuit Court of Augusta County, Virginia which secures the debt held by this creditor.

| Creditor | Collateral | Regular Contract Payment | Amount to be Paid | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| Pam and Troy Rutherford (see paragraph 11) | Residence 2nd deed of trust | NA | $12,759.49 | 6.00% | $456.73 October, 2009 - May, 2012 32 payments |

**Signatures:**

**Dated: /s/**  November 12, 2009

| | |
|---|---|
| /s/ Clifton Curtis Clements<br>Debtor | /s/Roland S. Carlton, Jr.<br>Debtor's Attorney |
| | 118 MacTanly Place |
| /s/ Christine Marie Clements<br>Joint Debtor | Staunton, VA   24401<br>V.S.B. 34138<br>(540) 213-0547 - Telephone<br>(540) 887-1366 - Fax<br>ctcarlton@ntelos.net |